IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW GREGORY BANCHIERE,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANDREW SAUL,<br>*Commissioner of Social Security*,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Civil No. 20-1512<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 25th day of January 2022, the Court having considered the parties' cross-motions seeking summary judgment will grant Defendant's motion except as to costs.[1] The agency's final decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence, therefore, the Court will order it affirmed. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).[2]

---

[1] The Commissioner's requested relief includes costs being taxed against Plaintiff. (Doc. No. 14, pg. 2). In the absence of any argument supporting that request, the Court will deny the Commissioner's motion as to costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2] In this matter, the Administrative Law Judge ("ALJ") found that despite Plaintiff's severe mental impairments, he could work at all exertional levels with appropriate limitations, *e.g.*, limitation to simple and routine tasks. (R. 19). Because a substantial number of jobs in the national economy were available to someone with Plaintiff's abilities and vocational characteristics, the ALJ found Plaintiff not disabled. (R. 23). Plaintiff challenges that decision before the Court and argues that it is not supported by substantial evidence. Specifically, he faults the ALJ's listed-impairment(s) finding and the ALJ's consideration of the vocational expert's ("VE") testimony. The Court has considered those arguments but finds no error or insufficiency of evidence in the decision that would warrant remand.

The Court first addresses Plaintiff's argument that the ALJ's listed-impairment(s) finding is not supported by substantial evidence. Substantial evidence demands only that the ALJ's

decision is supported by "more than a mere scintilla" of evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted).  This standard, while deferential, does not permit "conclusory" decisions.  *Id.* at 40 n.4.  To facilitate "meaningful judicial review," ALJs must "fully develop the record and explain [their] findings."  *Id.*  Accordingly, when the Court reviews a listed-impairment(s) finding, it looks for an adequate explanation that supports the finding with evidence that would satisfy a reasonable mind.

The listed-impairment(s) inquiry is the third question ALJs consider in the "five-step sequential evaluation process" they use to assess disability.  20 C.F.R. § 404.1520(a)(1).  At step three, ALJs compare a claimant's medically determinable impairments to a list of presumptively severe impairments in the regulations.  *Id.* § 404.1520(a)(4)(iii); *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990).  "If the claimant's impairment matches or is 'equal' to one of the listed impairments, he qualifies for benefits without further inquiry."  *Sullivan*, 493 U.S. at 525 (citation omitted).  To match one of the listed impairments, the claimant must show that his listing "meet[s] *all* of the specified medical criteria" for the listing.  *Id.* at 530.  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Id.*

In this matter, the ALJ considered the criteria for Listing 12.03, "Schizophrenia spectrum and other psychotic disorders" at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.  To meet Listing 12.03, a claimant must satisfy the paragraph A and B criteria or the paragraph A and C criteria.  *Id.*  The paragraph A criteria are satisfied by delusions or hallucinations.  *Id.*  There is no question in this case that the paragraph A criteria were satisfied, therefore the Court focuses its review on the ALJ's decision as to the paragraph B and paragraph C criteria.

The paragraph B criteria are satisfied when the claimant suffers one extreme or two marked limitations in four areas of mental functioning: "[u]nderstand, remember, or apply information;" "[i]nteract with others;" "[c]oncentrate, persist, or maintain pace;" and "[a]dapt or manage oneself."  *Id.*  The paragraph C criteria are satisfied when the claimant's disorder is "serious and persistent," there is evidence of "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the] mental disorder;" *and* there is "[m]arginal adjustment, that is, [the claimant] ha[s] minimal capacity to adapt to changes in [his/her] environment or to demands that are not already part of [his/her] daily life."  *Id.*  Considering Plaintiff's record, the ALJ found Plaintiff suffered only moderate limitations of mental functioning and, therefore, did not meet the paragraph B criteria.  (R. 18).  He further found the record did not support a finding of marginal adjustment for the paragraph C criteria.  (R. 18—19).

Concerning the paragraph B criteria, Plaintiff argues that the ALJ's analysis lacks appropriate consideration of evidence supporting more severe limitations and, further, argues the ALJ should have found Plaintiff was markedly limited in two areas of mental functioning (concentrating, persisting, or maintaining pace, and adapting or managing oneself).  Plaintiff alleges that the ALJ found only moderate limitations because he selectively cited evidence that supported his conclusion.  However, having reviewed the record and the ALJ's paragraph-B

2

finding, the Court is satisfied that it is supported by substantial evidence. As an initial matter, the ALJ supported the finding of only moderate limitations with references to not insubstantial evidence. (R. 18). For instance, the ALJ relied on Plaintiff's ability to manage his own finances and personal care, as well as his intact memory and adequate concentration upon examination to justify the finding. (R. 18).

Plaintiff argues the evidence that the ALJ relied on was selectively cited to the exclusion of "contrasting evidence" like indicia in the record of his impulsive spending. (Doc. No. 13, pg. 12). While Plaintiff is correct in his articulation of the rule that ALJs must acknowledge the relevant evidence they reject, *see Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), ALJs are not required to "discuss every piece of evidence in the record." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014); *Fargnoli*, 247 F.3d at 42 (explaining that the demands on ALJs are not so tedious as to require reference to "every relevant treatment note"). To that end, the evidence Plaintiff argues was wrongly omitted was not necessarily rejected in such a way as required specific acknowledgement. Plaintiff argues the ALJ should have acknowledged evidence that Plaintiff's father supported him financially (R. 35) and that one of his medications had adversely affected his spending (R. 196), but that evidence was not clearly at odds with Plaintiff's self-reported ability to manage funds (R. 192) such that the ALJ had to reject the former to accept the latter. The same is true of the ALJ's consideration of Plaintiff's function report. (*See* Doc. No. 13, pg. 13 (alleging the ALJ "cherry pick[ed]" favorable evidence)). While Plaintiff argues the ALJ overlooked parts of that record, *e.g.*, that he only cooked weekly (R. 191), the ALJ did not need to reject that evidence to cite Plaintiff's ability to prepare meals in support of his moderate limitations finding (R. 18). Further, though a consultative examiner ("CE") indicated Plaintiff "would benefit from assistance in managing funds" (R. 508), the ALJ explained later in the decision that he found the CE's opinion to have little persuasiveness due to its internal inconsistencies. (R. 21).

Plaintiff also critiques the ALJ's paragraph B criteria finding because the ALJ relied on a mental status examination from 2014 without citing later medical records. In the section of the decision where the ALJ specifically addressed listed impairments, he cited the 2014 record to support his finding that Plaintiff's memory was intact and he had adequate attention and concentration. (R. 18). And while the ALJ did not there immediately address further medical records, the ALJ thoroughly reviewed Plaintiff's medical records from 2013, 2014, 2016, 2017, and 2018 in the next section of the decision where he considered the evidence toward Plaintiff's residual functional capacity ("RFC") determination. (R. 20—21). Those additional records tended to show similar findings as the 2014 record. For instance, in July 2017 Plaintiff was noted to have a "coherent and goal directed" thought process, "intact and age appropriate" attention and concentration, and "intact and age appropriate" memory skills. (R. 20, 401). Reading the ALJ's decision "as a whole," *Cosme v. Comm'r Soc. Sec.*, 845 Fed. Appx. 128, 132 (3d Cir. 2021) (citing *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004)), the Court is thus satisfied that there is no deficiency in the ALJ's consideration of Plaintiff's medical records for purposes of the paragraph B criteria. Additionally, the ALJ's review of the objective medical evidence demonstrates the ALJ's cognizance of evidence that could have justified greater

3

limitations, like Plaintiff's increased auditory hallucinations during periods of stress. (R. 20). But where the ALJ clearly reviewed that evidence, this Court may not reweigh it. *Krinjeck v. Saul*, —F. Supp. 3d—, No. 3:20-CV-63, 2021 WL 2942237, at *1 (W.D. Pa. July 13, 2021) (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011)).

  Plaintiff's final criticism of the ALJ's paragraph B criteria determination is that the ALJ should have, but failed to, address his "bizarre" hearing testimony. (Doc. No. 13, pg. 12). Plaintiff argues that the ALJ should have addressed the manner of his testimony at R. 42—43, 46—47, 47—48, 55, and 59—60. He asserts this testimony evidenced his "disorganized thinking" and supported a finding of marked limitation in concentrating/persisting/maintaining pace and adapting/managing oneself. (Doc. No. 13, pg. 14). As a general matter, the Court notes that the selected testimony is not obviously bizarre. Plaintiff's response to a question about how he had experienced auditory hallucinations might be described as rambling, but not necessarily so nonresponsive as to be obviously bizarre. (*See e.g.*, R. 46—47 (explaining his auditory hallucinations as perceiving everything as being about him and hearing voices in an outer membrane)). Importantly, reviewing courts may not fault ALJs for failing to use any particular language to describe evidence. *See Jones*, 364 F.3d at 505 (explaining there is no required language or format for ALJs' analyses). Not only that, but the ALJ's failure to label Plaintiff's testimony as "bizarre" in this matter might be better characterized as the ALJ's exercise of appropriate restraint in taking Plaintiff's testimony at face value instead of forming a lay medical opinion as to what Plaintiff's testimony indicated about the organization of his thinking. More important than whether the ALJ should or should not have recognized Plaintiff's testimony as evidence of the quality of his thought, is whether the ALJ considered the content of Plaintiff's testimony. In this regard, there is no question the ALJ's analysis is sufficient: in the decision, the ALJ specifically noted Plaintiff's testimony that he had struggled with poor memory, paranoia, and sporadic auditory hallucinations. (R. 20). Accordingly, the Court finds no error or oversight in the ALJ's finding that Plaintiff's impairments did not match the paragraph B criteria for Listing 12.03.

  Plaintiff's critique of the ALJ's paragraph C criteria finding for Listing 12.03 is very similar to his argument concerning the paragraph B criteria. Plaintiff argues that the ALJ did not adequately consider his participation in mental health and rehabilitation programming and further argues that the ALJ decided the evidence did not show marginal adjustment without addressing his delusions, disorganized testimony, or hallucinations. (Doc. No. 13, pg. 15). Based on those failings, Plaintiff asserts that the ALJ's decision as to the paragraph C criteria is too brief to permit meaningful judicial review. Considering the paragraph C criteria, the ALJ explained that the evidence failed to demonstrate the criteria because Plaintiff "reported he prepares meals, shops in stores, socializes with others, drives a car, gets along with authority figures, and manages his own finances." (R. 18—19). Because the ALJ's decision was clearly premised on the marginal-adjustment component of paragraph C, the Court need not address Plaintiff's argument that the ALJ failed to adequately consider Plaintiff's participation in mental health and rehabilitation programming.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED in part and DENIED in part, as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:   Counsel of Record

---

Considering Plaintiff's argument that the ALJ's marginal-adjustment finding is too brief to permit meaningful review, the Court finds no such shortcoming. When the Court evaluates an ALJ's decision for substantial evidence, it looks at the decision "as a whole," not piece by piece. *See Cosme*, 845 Fed. Appx. at 132. Though Plaintiff contends that the ALJ failed to consider his delusions, disorganized testimony, and hallucinations toward marginal adjustment, the ALJ considered that evidence throughout the decision. For instance, assessing Plaintiff's RFC, the ALJ considered that Plaintiff reported to the CE that his auditory hallucinations increase when he experiences stress. (R. 20). Despite this and other evidence, the ALJ found significant evidence—especially Plaintiff's self-reported activities—that did not match the marginal-adjustment criterion for paragraph C of Listing 12.03. That finding being supported by substantial evidence and not undermined by any failure to address some other obviously probative evidence, the Court will not disturb it.

Plaintiff has raised one other challenge to the ALJ's decision finding him not disabled. He argues that the ALJ ignored the VE's testimony that employers would tolerate no more than one absence/month and no more than 5% off-task time. Plaintiff further argues that the ALJ should have explained how an individual who, among other things, tries to intercept telepathic thoughts and hallucinates could stay on task for 95% of the workday and avoid taking multiple days off during periods of exacerbated symptoms. This argument is best "understood as [a] challenge[] to the RFC assessment itself," because while it is presented as a challenge to the ALJ's reliance on the VE's testimony, it is really an argument that the ALJ should have included off-task time and absences limitations in the RFC. *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Accordingly, the effective question presented is whether substantial evidence supports the ALJ's RFC determination. The Court is satisfied the RFC is so supported. Although Plaintiff argues that his telepathic thoughts, racing thoughts, and hallucinations justified off-task time and absences limitations in the RFC, he points to no evidence pertaining specifically to off-task time and absences that the ALJ overlooked. Because the ALJ did not overlook any evidence in formulating the RFC, Plaintiff's argument is reducible to a request to reweigh the evidence the ALJ already considered. The Court has explained above that it is not permitted to reweigh the evidence. For this and the foregoing reasons, the Court will affirm the ALJ's decision.